UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ADRIAN MARTINEZ,

Plaintiff,

v. CASE NO. 4:23-cv-00580-Y

BNSF RAILWAY COMPANY,

Defendant.

# JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

Pursuant to the Court's Order to Submit Joint Status Report and Proposed Discovery Plan (Doc. 9), counsel for Plaintiff Adrian Martinez ("Martinez") and Defendant BNSF Railway Company ("BNSF") conferred regarding this case and jointly submit this Joint Status Report and Proposed Discovery Plan.

**1. A brief statement of the nature of the case, including the contentions of the parties:**

(a) Nature of the case. This is an employment dispute in which Martinez contends that BNSF violated the Federal Railroad Safety Act and the Americans With Disabilities Act.

(b) Martinez's Claim. Martinez suffered from a knee condition that was neither caused by an acute incident at work nor prevented him from safely doing his job. Then, he suffered an aggravation to that condition while working for BNSF. Martinez reported the aggravation to BNSF, and BNSF terminated him, claiming that he had violated its workplace rules by not reporting the preexisting condition and/or inaccurately reporting the aggravation. The former justification would mean his termination violates the Americans with Disabilities Act, which limits when employers may demand their employees' medical information, and the latter justification would violate the Federal Railroad Safety Act, which prohibits railroads from retaliating against employees who report work-related injuries.

(c) BNSF's Contentions. BNSF denies that its treatment of Martinez violated the FRSA or the ADA, or that it otherwise violated applicable law. The Company's actions with respect to Plaintiff were, in all instances, based on legitimate nondiscriminatory and nonretaliatory considerations, and the inquiries it made of Martinez were permissible under the ADA. BNSF has asserted other defenses in its Answer.

**2. Any challenge to jurisdiction or venue:**

The parties have no challenges to jurisdiction or venue at this time.

**3. A brief description of any matters that require a conference with the Court:**

The parties do not desire a conference with the Court at this time.

**4. An assessment of the likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties:**

The parties do not anticipate joining other parties at this time. Should either party seek to join other parties, however, the proposed time limit to file motions for leave to join other parties is November 30, 2023.

**5. When the disclosures required by Rule 26(a)(1) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under Rule 26(a)(1)(B):**

The parties do not believe that any changes should be made to the form or requirement for Rule 26(a)(1)(A) disclosures or contend that this case is exempted from the requirement. The parties will make disclosures required by Rule 26(a)(1)(A) on or before August 11, 2023.

**6. (A) A very brief statement of the subjects on which discovery may be needed:**

The parties anticipate conducting discovery regarding Martinez's factual and legal contentions, alleged damages, and mitigation efforts, and BNSF's factual and legal contentions concerning its defenses.

**(B) When discovery should be completed:**

The parties propose May 6, 2024 as the deadline by which discovery must be fully completed.

**(C) Whether discovery should be conducted in phases or limited to or focused upon particular issues:**

Plaintiff requests that the date for disclosure of experts on damages be set for after the dispositive-motion deadline. BNSF believes that all discovery should be completed before the dispositive-motion deadline. To the extent that the Court is inclined to grant Plaintiff's request, the parties agree that any post-dispositive-motion-deadline discovery be limited to expert-related damages issues.

Otherwise, the parties do not believe discovery should be limited to different phases or subjects.

**7. What changes, if any, should be made in the limitations on discovery imposed under the federal or local rules, and what other limitations, if any, should be imposed:**

The parties agree to accept electronic service, including service by e-mail, of documents required to be served on parties, including discovery-related documents. Otherwise, the parties do not require any limits on discovery beyond the limits imposed by the Federal Rules of Civil Procedure.

**8. A statement regarding whether any other orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c) (If additional orders are required, they should be separately submitted in agreed form with the joint status report and proposed discovery plan.):**

At this time the parties do not believe that any such orders are necessary. It is possible, depending on specific discovery later sought, that one or both parties will seek a protective order concerning confidential or medical information. If so, they propose that they first attempt to resolve any differences themselves and submit an agreed order and in the absence of agreement present the issue as a disputed matter.

**9. Whether a jury has been demanded:**

Martinez demanded a jury trial in his Complaint.

**10. Whether the parties will consent to the referral of this case to a United States magistrate judge, who will preside over all pretrial proceedings and trial (whether jury or nonjury) (See 28 U.S.C. § 636(c); F.R.C.P. 73.)**

**(The parties are advised that they are free to withhold consent without adverse substantive consequences. If one or more of the parties does not consent, this fact should be communicated only by stating in the joint status report that "the parties could not agree to refer this case to the magistrate judge."):**

The parties do not agree to referral of this case to a U.S. Magistrate Judge.

**11. (A) An assessment of the prospects for settlement:**

At this stage, settlement does not appear likely. The parties agree, however, to continue to assess the possibility of settlement in good faith as discovery progresses in this case.

**(B) The status of any settlement negotiations already conducted, (except that in a nonjury case the parties shall not disclose settlement figures), and:**

Counsel have discussed settlement and have separately discussed settlement with their clients. No settlement demands or offers have been made, and the parties believe that discovery needs to occur before further settlement discussions would be productive.

**(C) The parties' agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear in person to discuss settlement of this case (corporations, partnerships, associations, etc., shall participate through a representative who must have authority to bargain in good faith):**

The parties will meet on June 3, 2024 at 1 p.m. at the offices of Defendant's counsel in Dallas, 1722 Routh Street, Suite 1500, Dallas, TX 75201, for the settlement conference described in this paragraph.

**12. An assessment of whether the dispute would be amenable to mediation and if not, why not, keeping in mind that pro bono mediation may be available to parties unable to afford it (If mediation seems appropriate, indicate the month and year it would be appropriate and whether it should be ordered in addition to or in lieu of the court ordered settlement negotiations contemplated by 11(c), above.):**

The parties believe that mediation would be appropriate at or near the end of the discovery period.

**13. A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988) (The Dondi opinion is also available on the Northern District of Texas website at http://www.txnd.uscourts.gov/publications/html.):**

Counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988).

**14. Any other matters relevant to the status and disposition of this case:**

None at this time.

Date: August 4, 2023.

Respectfully submitted,

s/Nicholas D. Thompson (*by permission*)
Nicholas D. Thompson (MN389609*)
CASEY JONES LAW
3520 Cherryvale Avenue, Suite 83
Appleton, WI 54913
Email: nthompson@caseyjones.law
Phone: (757) 477-0991

and

Scotty MacLean
State Bar No. 00787942
MACLEAN LAW FIRM, P.C.
4916 Camp Bowie Blvd.
Ft. Worth, TX 76107
817-529-1000 (Telephone)
817-698-9401 (Facsimile)
smaclean@macleanfirm.com

ATTORNEYS FOR PLAINTIFF

/s/ Micah Prude
Micah R. Prude
State Bar No. 24051216
Catherine J. Barbaree
State Bar No. 24098962
HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Fax: (214) 969-1751
Email: micah.prude@hklaw.com
Email: catherine.barbaree@hklaw.com

ATTORNEYS FOR DEFENDANT