**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ADRIAN MARTINEZ** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:23-CV-580-Y** |
| | § | |
| **BNSF RAILWAY COMPANY** | § | |

**ORDER GRANTING PLAINTIFF'S RENEWED INCORPORATED MOTION TO COMPEL**

Pending before the court is Plaintiff's Renewed Incorporated Motion to Compel [doc. 33], filed June 17, 2024. Having carefully considered the motion, response, reply, and applicable law, the Court concludes that Plaintiff's motion should be **GRANTED**.

## I. RELEVANT BACKGROUND

Plaintiff Adrian Martinez ("Martinez") asserts claims pursuant to the Federal Railroad Safety Act ("FRSA") and the Americans with Disabilities Act ("ADA") against BNSF Railway Company ("BNSF") after Plaintiff was terminated after allegedly reporting a work-related injury. (Plaintiff's Renewed Incorporated Mot. Compel ("Pl.'s Mot.") at 1.) In his Complaint, Martinez alleges that, on June 18, 2021, he suffered an injury to his knee while climbing up the stairs of a train engine. (Plaintiff's Complaint ("Pl.'s Compl.") at 2; *see* Pl.'s Mot. at 1, 3. Martinez claims that he immediately reported this injury to BNSF, who began an investigation into the events leading up to the injury in accordance with company policy. (Pl.'s Compl. at 1, 3; During this investigation, Martinez states that he "volunteered that he had been suffering from intermittent knee pain prior to when he was injured and detailed the nature of his pain and the care he had sought for it." (Pl.'s Mot. at 3.) BNSF, in its response, argues that this preexisting injury was required to be reported to the company and that not doing so ran afoul of Martinez's employment

agreement—ultimately leading to his termination for dishonesty. (Defendant's Response to Plaintiff's Renewed Motion to Compel ("Def.'s Resp.") at 1-3.)

Prior to being terminated, Martinez underwent a disciplinary hearing pursuant to his union's collective bargaining agreement. (Pl.'s Mot. at 4; Def.'s Resp. at 2.) Plaintiff claims that these disciplinary hearings amount to a "kangaroo-court" in which "the hearing officer provides a disciplinary recommendation," which is then reviewed and almost always approved by a higher-level manager. (Pl.'s Mot. at 4.) Plaintiff claims that "[t]he transcript [of the hearing] is then reviewed by labor relations, which never recommends that no discipline be issued because the transcript demonstrated the employee did not violate the rule with which they were charged." (Pl.'s Mot. at 4.) Plaintiff argues that the "result is that the hearing process almost never results in a charged employee's exoneration." (*Id.*) Plaintiff states that, in fact, "the hearing officer for Martinez's hearing, Christopher Grissum, recommended Martinez be terminated for dishonesty." (*Id.*)

In response to an interrogatory served on Defendant, Defendant stated that "BNSF's records indicate that, of the last 25 employees for which Mr. Grissum served as a conducting officer at a hearing, he recommended some form of discipline for 18 of them and no discipline for 7 of them." (Plaintiff's Appendix in Support of Amended Motion to Compel ("Pl.'s App.") at 43.) After receiving this answer, Martinez served Requests for Production on July 27, 2023, and November 19, 2023, seeking, as relevant here:

> Request No. 24: For the twenty-five hearings identified in response to Interrogatory No. 11, produce the transcripts from them, Grissum's recommendations, and the notices of discipline or exoneration.

(Pl.'s Mot. at 4-5; *see* Pl.'s App. at 31.) Defendant objected to this request based on, *inter alia*, irrelevance, no time frame, scope, confidential and proprietary information, and privacy,

overbreadth, and "seeks information far beyond the permissible scope of discovery." (Pl.'s App. at 33.) In addition, Defendant claimed that this information about other employees, "particularly non-similarly situated employees, has no bearing on the claims or defenses in this case" and that "determinations about whether other employees engaged in unrelated misconduct has no bearing on whether Martinez engaged in the misconduct for which he was investigated." (*Id.*)

Plaintiff, claiming that his termination was retaliatory, "seeks the transcripts, recommendations, and notices of discipline to show that these investigative hearings are merely a procedural hurdle to terminating unionized employees." (Pl.'s Mot. at 6.) In support, Plaintiff argues:

> BNSF has argued that Martinez's termination was not retaliatory because the discipline was recommended by a neutral hearing officer and reviewed by labor relations. However, the frequency at which charged employees are ultimately disciplined tells a different story. That charged employees are virtually always disciplined shows that the underlying charging decision is the true adverse action. Relevant here, Grissum recommended discipline in nearly three-quarters of the investigations over which he presided. These numbers belie BNSF's argument that its layers of review prevent retaliatory discipline. The transcripts, recommendations, and the ultimate outcomes of the investigations over which Grissum presided will therefore likely show that regardless of the evidence presented at the investigation, regardless of any procedural objections or substantive issues, charged employees are disciplined.
>
> . . . [T]he transcripts, recommendations, and the resulting discipline or exoneration are relevant both to Martinez's assertion that his termination was pretextual and to BNSF's anticipated defense that Martinez was terminated via an impartial process.
>
> BNSF also objects that "determinations about whether other employees engaged in unrelated misconduct has no bearing on whether Martinez engaged in the misconduct for which he was terminated." But whether other employees are actually "guilty" of the charges for which they are disciplined is precisely the point. Martinez did not engage in the misconduct for which he was terminated and Grissum recommended discipline anyway. The frequency at which Grissum recommends employees be disciplined, even when the transcript shows they did

> not engage in the charged misconduct, is probative of whether BNSF's impartial hearing and the layers of review actually prevent retaliatory discipline.

(Pl.'s Mot. at 6-7 (internal citations omitted).)

## II. LEGAL STANDARD AND ANALYSIS

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Furthermore, a party may serve on any other party a request to, as relevant here, produce any designated documents or electronically stored information. Fed. R. Civ P. 34(a). If a party fails to fully answer a request for production of documents, the party seeking the discovery may move for an order compelling the production of that discovery request. Fed. R. Civ. P. 37(a)(3)(B). However, a court, for good cause, may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

After reviewing the parties' arguments, the Court is persuaded that Plaintiff's Request for Production No. 24 seeks relevant, non-privileged information. While the information obtained may not ultimately be admissible, admissibility is not a requirement for determining whether information is obtainable. Fed. R. Civ. P. 26(b)(1); *see Grant v. CRST Expedited, Inc.*, No. 1:18-CV-433, 2021 WL 2099309, at *3 (E.D. Tex. Feb. 19, 2021) (stating that Rule 26(b)(1) "does not require that the requested information be admissible in evidence to be discoverable").

Consequently, Defendant's objections to Request for Production No. 24 should be **OVERRULED,** and Plaintiff's Renewed Incorporated Motion to Compel should be **GRANTED**.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Renewed Incorporated Motion to Compel [doc. 33] is **GRANTED.**

It is further **ORDERED** that Defendant's Objections to Plaintiff's Request for Production No. 24 are **OVERRULED**.

It is further **ORDERED** that Defendant, **no later than 4:30 p.m. on August 12, 2024**, shall produce to Plaintiff all responsive documents to Request for Production No. 24.

SIGNED July 29, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE