IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADRIAN MARTINEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-580-Y |
| | § | |
| BNSF RAILWAY CO. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
REGARDING PLAINTIFF'S MOTION FOR SANCTIONS**

Pending before the Court is Plaintiff Adrian Martinez's Motion for Sanctions [doc. 56], filed September 20, 2024. Having carefully considered the motion and response, the Court, for the reasons set forth below, **RECOMMENDS** that Plaintiff's motion be **DENIED**.

Plaintiff Adrian Martinez ("Martinez") asserts claims pursuant to the Federal Railroad Safety Act ("FRSA") and the Americans with Disabilities Act ("ADA") against BNSF Railway Company ("BNSF") after Plaintiff was terminated after allegedly reporting a work-related injury. (Plaintiff's Complaint ("Pl.'s Compl.") at 5-7; *see* Plaintiff's Motion for Sanctions ("Pl.'s Mot. for Sanctions") at 1-2.) In his Complaint, Martinez alleges that, on June 18, 2021, he suffered an injury to his knee while climbing up the stairs of a train engine. (Pl.'s Compl. at 2; Pl.'s Mot. for Sanctions at 1.) Martinez claims that he immediately reported this injury to BNSF, who began an investigation into the events leading up to the injury in accordance with company policy. (Pl.'s Compl. at 1, 3; Pl.'s Mot. for Sanctions at 1-2.) Prior to being terminated, Martinez underwent a disciplinary hearing pursuant to his union's collective bargaining agreement. (Defendant's Response to Plaintiff's Motion for Sanctions ("Def.'s Resp.") at 2.) The hearing officer, Christopher Grissum ("Grissum"), recommended Martinez be terminated for dishonesty. (*Id.*)

Thereafter, in response to an interrogatory served on Defendant,[1] Defendant stated that "BNSF's records indicate that, of the last 25 employees for which Mr. Grissum served as a conducting officer at a hearing, he recommended some form of discipline for 18 of them and no discipline for 7 of them." (Def.'s App. at 91.)  After receiving this answer, Plaintiff served on Defendant Requests for Production on July 27, 2023, and November 19, 2023, seeking, as relevant here:

> Request No. 24: For the twenty-five hearings identified in response to Interrogatory No. 11, produce the transcripts from them, Grissum's recommendations, and the notices of discipline or exoneration.

(Def.'s App at 95.)  Defendant objected to this request based on, *inter alia*, irrelevance, time frame, scope, confidential and proprietary information, privacy, overbreadth, and "seeks information far beyond the permissible scope of discovery." (Def.'s App. at 97.)  In addition, Defendant claimed that this information about other employees, "particularly non-similarly situated employees, has no bearing on the claims or defenses in this case" and that "determinations about whether other employees engaged in unrelated misconduct has no bearing on whether Martinez engaged in the misconduct for which he was investigated." (*Id.*)

Subsequently, on June 17, 2024, Plaintiff filed an Amended Motion to Compel [doc. 33], seeking "the transcripts, recommendations, and notices of discipline to show that these investigative hearings are merely a procedural hurdle to terminating unionized employees."

---

[1] Plaintiff's Interrogatory No. 11 and Defendant's Answer are as follows:

> Identify the number of times Christopher Grissum has been responsible for determining whether an internal hearing demonstrated that the charges against an employee should be sustained, and identify each employee for whom Grissum determined that the hearing exonerated him or her.

(Defendant's Appendix to Response to Plaintiff's Motion for Sanctions ("Def.'s App.") at 90-91.)

(Plaintiff's Amended Motion to Compel ("Pl.'s Am. Mot. to Compel") [doc. 33] at 6.) In an order dated July 29, 2024, the Court granted Plaintiff's Amended Motion to Compel and ordered Defendant to, no later than August 12, 2024, produce all responsive documents to Request for Production No. 24.

In its Motion for Sanctions, Plaintiff states:

> Now that the documents have been produced, it is clear that BNSF has been playing fast and loose with its discovery responses. Prior to when the Court made it produce the documents, BNSF answered an interrogatory on the issue by claiming that the hearing process resulted in the all [sic] charged employees in a hearing being exonerated in seven of the eighteen hearings for which the officer conducting the hearing was the same officer who conducted Martinez's hearing. The documents BNSF was forced to produce, however, seem to show that only two of the hearings resulted in all of the charged employees being exonerated, and one of those two hearings was for an employee who BNSF terminated via another hearing that same day. In short, the documents seem to indicate that BNSF['s] interrogatory answer is dishonest.
>
> To get to the bottom of BNSF's apparent dishonesty, Martinez sought to depose the officer who conducted the hearing on the reluctantly-produced documents. BNSF has, however, refused to produce him, saying discovery is closed. True enough, discovery is closed. But it is BNSF's refusal to produce the documents that resulted in Martinez not knowing of its apparent dishonesty, much less being able to depose someone on it.

(Pl.'s Mot. for Sanctions at 3 (citations omitted).) Plaintiff moves to sanction Defendant by "prohibiting BNSF from contesting that its hearing process is a pro forma means to assign blame regardless of an employee's actual responsibility for a rule violation." (Pl.'s Mot. for Sanctions at 3.) Plaintiff claims that "[t]his sanction, to be frank, is modest in comparison to what the Court could award." (*Id*. at 3-4.)

In its response, Defendant claims that it should not be sanctioned because, "[i]n a glaring and telling omission, . . . [Plaintiff] does not provide the Court with either the interrogatory that forms the basis of his motion, or BNSF's answer to it." (Def.'s Resp. at 1.) Defendant states that,

3

"instead, Martinez mischaracterizes BNSF's interrogatory answer in a way [that] is simply untrue." (*Id*.) Defendant further states:

> The documents that BNSF produced in response to Magistrate [Judge] Cureton's order demonstrate that its answer to this interrogatory was true. Specifically, just as it said in its interrogatory response, BNSF produced letters (contained in its appendix supporting this response) showing that seven of this group of 25 employees were issued no discipline. App. 99-105. BNSF also produced Grissum's written recommendations for five of these seven employees. App. 106-120. But Martinez only included two of these seven no-discipline letters with his motion. And he did not include any of Grissum's no-discipline recommendations in his motion.
>
> Given that BNSF's document production directly demonstrates the truthfulness of its interrogatory response, BNSF is at a loss as to why Martinez decided to file this motion. But, while Martinez's motive is not entirely clear, it is self-evident that he has elected to base his motion on a misrepresentation of BNSF's interrogatory answer.

(Def.'s Resp. at 7 (footnotes omitted) (emphasis in original).)

"A Court has both specific and inherent power to control its docket, and the 'Federal Rules authorize a court to impose sanctions for a variety of categories of misconduct.'" *Schnell v. State Farm Lloyds*, No. 4:21-CV-558-O, 2022 WL 2718222, at *2 (N.D. Tex. Apr. 6, 2022) (quoting *Sully v. Freeman*, No. 1:16-CV-818-RP, 2016 WL 9451356, at *1 (W.D. Tex. Dec. 6, 2016)). "As the party seeking sanctions, Plaintiff has the burden to show that sanctions are warranted." *ReSea Project ApS v. Restoring Integrity To the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2022 WL 17724419, at *7 (W.D. Tex. Dec. 15, 2022) (citing *Ford v. Lee*, 137 F.3d 1351 (5th Cir. 1998) (per curiam) (noting that the movant has a "heavy burden for imposing sanctions").)

After reviewing the motion and response, the Court **FINDS** and **CONCLUDES** that there is not enough information to conclusively find that Defendant's answer to Interrogatory No. 11 and subsequent production of documents to Request for Production No. 24 in response to the Court's June 29, 2024 order warrants the imposition of sanctions. In fact, based on the arguments

4

made in Plaintiff's motion and Defendant's response, as well as a review of all the documents submitted by the parties in support, the Court cannot definitively say that Defendant engaged in sanctionable conduct. Plaintiff, for reasons unclear to the Court, chose not to file a reply to explain the confusion between the arguments made in Plaintiff's motion and Defendant's response. Because Plaintiff has failed to meet his burden of showing sanctions are warranted, the Court **FINDS**, **CONCLUDES**, and **RECOMMENDS** that Plaintiff's Motion for Sanctions [doc. 56 ] be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 4, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed

findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

    SIGNED November 20, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv